UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE MARTIN,

       Plaintiff,

v.                               Case No. 12-11764
                                 Honorable Patrick J. Duggan

GATEWAY FUNDING DIVERSIFIED
MORTGAGE SERVICES, L.P.,
BANK OF AMERICA, N.A., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., BANK OF NEW YORK MELLON f/k/a
BANK OF NEW YORK, and JOHN DOES 1-10,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

On February 24, 2012, Plaintiff Jermaine Martin filed a *pro se* complaint against

Defendants in the Circuit Court for Wayne County, Michigan.  In his Complaint, Plaintiff

challenges foreclosure proceedings with respect to real property located on Warwick

Street in Detroit, Michigan ("Property"), and seeks an order granting him all legal title to

the Property.  On April 20, 2012, Defendants Bank of America ("BANA"), Mortgage

Electronic Registration Systems, Inc. ("MERS"), and Bank of New York Mellon f/k/a

Bank of New York ("BNYM") removed the action to federal court on the basis of

diversity jurisdiction.  Sometime prior to April 24, 2012, Plaintiff retained present

counsel to represent him.

Presently before the Court is a motion for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c), filed by BANA, MERS, and BNYM on August 14, 2012. Defendant Gateway Funding Diversified Mortgage Services, L.P. ("Gateway") filed a notice indicating its concurrence in the motion on August 22, 2012. The motion has been fully briefed and the Court held a motion hearing on October 11, 2012. For the reasons that follow, the Court grants the motion and dismisses Plaintiff's Complaint against Defendants.

## I.      Factual and Procedural Background

On February 7, 2007, Plaintiff obtained a mortgage loan from Gateway in the amount of $110,000.00. (Compl. ¶ 30; Defs.' Mot. Ex. A.) As security for the loan, Plaintiff executed a promissory note in the amount of the loan and granted MERS, as nominee for Gateway and Gateway's successors and assigns, a mortgage on the Property. (Compl. ¶ 30; Defs.' Mot. Ex. B.) The mortgage was recorded on February 22, 2007. (*Id.*) At an unknown time, the note was placed into a securitized trust named CWABS Asset-Backed Certificates Trust 2007-4. (Compl. ¶ 27; *see also* Pl.'s Resp. Ex. 5.) BNYM is identified as trustee for the trust. (Pl.'s Resp. Ex. 5 at S-1.)

Plaintiff defaulted on the loan and, on October 25, 2010, was sent a foreclosure/housing counselor notice pursuant to Michigan Compiled Law § 600.3205a. (Defs.' Mot. Ex. D at 7.) On the same date, MERS, acting as nominee for Gateway, assigned the mortgage to BNYM as Trustee of the CWABS Asset-Backed Certificates Trust 2007-4 (hereafter the "Trust"). (*Id.* Ex. C; Compl. ¶ 37.) The assignment was recorded in the Wayne County Register of Deeds on November 24, 2010. (Defs.' Mot.

Ex. C.)

In the meantime, the foreclosure/housing counselor notice was published in the Detroit Legal News on October 27, 2010.  (*Id.* Ex. D at 5, 7.)  When Plaintiff failed to request a loan modification meeting through a housing counselor in response to the notice, BNYM as Trustee initiated foreclosure by advertisement proceedings and notices of the foreclosure sale were published in the Detroit Legal News on November 23 and 30 and December 7 and 14, 2010.  (*Id.* at 4.)  The notice of foreclosure sale also was posted at the Property on December 1, 2010.  (*Id.* at 3.)  The sheriff's sale was adjourned on a weekly basis from December 23, 2010 to June 2, 2011, and notice of the adjournments were posted at the place of sale in Wayne County, Michigan.  (*Id.* at 1.)  The sheriff's sale eventually occurred on June 2, 2011, with BNYM as Trustee as the successful bidder on the Property.  (*Id.*)

The redemption period with respect to the Property expired on December 2, 2011, with Plaintiff failing to redeem.  As indicated earlier, on February 24, 2012, Plaintiff filed the instant action.  Attorney Vanessa Fluker entered an appearance on behalf of Plaintiff on May 4, 2012.  Ms. Fluker thereafter informed defense counsel of her intent to file an amended complaint on behalf of Plaintiff, and defense counsel agreed to allow such an amendment by May 18, 2012.  (Defs.' Reply Ex. 1 ¶ 4.)  On May 21, 2012, when an amended complaint had not been filed, defense counsel emailed Ms. Fluker to ask if she and/or her client still planned to file an amended complaint.  (*Id.* ¶¶ 5, 6.)  Ms. Fluker did not respond.  At the motion hearing, Ms. Fluker suggested that she delayed filing an

3

amended pleading because the parties were engaged in settlement negotiations.

## II.    Rule 12(c) Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard of review as a motion to dismiss brought pursuant to subsection (b)(6) of the rule. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The

4

plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

## III.   Arguments

Defendants read Plaintiff's Complaint to assert a single cause of action to quiet title to the Property. Defendants understand Plaintiff to be challenging the foreclosure based in part on his claim that the assignment of the mortgage to BNYM was invalid. Specifically, Plaintiff asserts in his Complaint that the assignment was void because it was made after the Trust closed, thereby violating the express terms of the trust instrument. (*See* Pl.'s Compl. ¶ 35.) Defendants further understand Plaintiff to be challenging the foreclosure based on a note-splitting theory. (*See id.* ¶ 45.)

Defendants argue that Plaintiff's Complaint should be dismissed for failure to state a viable quiet title claim. Defendants contend that because the redemption period has expired, Plaintiff can challenge the validity of the foreclosure sale only if he demonstrates a clear showing of fraud or irregularity in the foreclosure proceedings. As well,

Defendants argue that Plaintiff's Complaint is subject to dismissal because it fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). To the extent Plaintiff now seeks to file an amended complaint, Defendants argue that the request comes too late and would be futile.

Plaintiff in fact requests to amend his Complaint in response to the motion to dismiss. Plaintiff, however, fails to indicate what he wishes to add or change in his amended complaint and has not provided the Court with a proposed amended complaint.

Plaintiff otherwise argues in response to Defendants' motion that "Defendants" did not have standing to effectuate a foreclosure by advertisement pursuant to Michigan Compiled Laws § 600.3204 because the assignment of the mortgage to BNYM was fraudulent. (*See* Pl.'s Resp. Br. at 8.) Although referring to general problems in the mortgage industry with respect to "fraudulent documentation to effectuate foreclosure" (*id.*), Plaintiff does not specifically identify the fraud he believes occurred with respect to the proceedings to foreclose the property at issue. Plaintiff asserts:

> Defendants' assignment demonstrates: (1) Defendants lacks [sic] standing as the assignment was performed by a robo-singer [sic] with no personal knowledge of the mortgage transaction and (2) the attestation of the assignment is suspect and cannot be "presumptively" accepted as legitimate.

(*Id.*) Later, Plaintiff identifies as "two significant issues for Defendants":

> (1) Defendants rely on an assignment dated November 24, 2010, to purport to assign an interest when the loan was alleged [sic] sold to a trust with the close date of March 29, 2007, and (2) the assignment would not have been necessary if Defendant Bank of New York Mellon had a legitimate ownership interest in the indebtedness as required by MCL 600.3204.

6

(*Id.* at 11)  Based on these assertions, Plaintiff states that he has raised an issue of fact as to whether "Defendants" were in strict compliance with the Michigan foreclosure by advertisement statutes and "has demonstrated . . . that there is a material question of fact as to the legitimate ownership interest in the subject property . . .."  (*Id.* at 12.)

IV.    **Analysis**

    A.    **Whether Plaintiff should be granted leave to amend his Complaint**

       Rule 15 of the Federal Rules of Civil Procedure instructs that "[t]he court should freely give leave [to amend] when justice so requires."  However, in order to determine whether justice would be served by an amendment, the court must have the substance of the proposed amendment before it. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002).  Plaintiff has failed to provide the Court with a proposed amended complaint or otherwise inform the Court of the substance of his proposed amendment.  These failures on their own would lead the Court to deny his request to amend his Complaint.  *See id.* (citing *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190 at *2 (6th Cir. July 28, 1986) (concluding that the district court did not abuse its discretion in not permitting the plaintiff to amend his complaint, because "[t]he plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make.")).

       In addition, however, a request to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Foman v. Davis*, 371 U.S. 178, 182,

7

83 S. Ct. 227, 230 (1962).  Here, the Court finds undue delay and futility.

As set forth in Section I, Ms. Fluker entered her appearance on behalf of Plaintiff on May 4, 2012.  Ms. Fluker informed defense counsel at that time of her desire to file an amended complaint and defense counsel agreed to allow such an amendment by May 18. On May 21, when an amended complaint still had not been filed, defense counsel contacted Ms. Fluker to inquire whether such an amendment would be forthcoming.  No response was received.  More than three months passed before Plaintiff, and only in response to Defendants' motion to dismiss, reiterated a desire to amend Plaintiff's Complaint.

Plaintiff has not informed the Court of what amendments he would make to his Complaint.  Nevertheless, the Court would expect him to set forth all of the facts and/or arguments in response to Defendants' motion that he believes saves his lawsuit from dismissal.  Having considered those facts and/or arguments, as well as those raised by his attorney at the motion hearing, the Court concludes for the reasons discussed below that it would be futile for Plaintiff to file an amended complaint.

B.      Whether Plaintiff has set forth a basis to quiet title

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property.  Mich. Comp. Laws § 600.3240(8).  Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property.  *Id.* § 600.3236.  At that time, the mortgagor may undo the sale *only* by demonstrating fraud or irregularity in the

foreclosure proceedings. *Overton v. Mortg. Electronic Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).

In Michigan, foreclosure sales by advertisement are governed by statute. "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993).

The statute relevant to Plaintiff's claim provides, in part:

. . . a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

(c) The mortgage containing the power of sale has been properly recorded.

(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Laws § 600.3204(1). With respect to subsection (d), the statute further provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section [600.]3216 evidencing the assignment of the mortgage to the party foreclosing the

9

mortgage." Mich. Comp. Laws § 600.3204(3). The mortgage here had been assigned to BNYM by the time it initiated the foreclosure by advertisement proceedings on October 27, 2010, and a record chain of title establishing BNYM's status as the mortgagee existed by the date of the sheriff's sale on June 2, 2011. Thus the prerequisites of section 600.3204 were met. Plaintiff, however, challenges the validity of the assignment.

Contending that the closing date of the Trust was March 29, 2007– according to the trust agreement– Plaintiff argues in response to Defendants' motion that the assignment of the mortgage after that date to BNYM, the Trustee, was void. Plaintiff further challenges BNYM's claim that it also had an ownership interest in the note, arguing that, if true, the assignment of the mortgage would not have been necessary. (Pl.'s Resp. Br. at 11.) But Plaintiff lacks standing to challenge the validity of the assignment. *See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010).

In *Livonia Properties Holding*, the plaintiff-mortgagor challenged foreclosure proceedings initiated by a trust which had obtained the mortgage by assignment, arguing that based on the agreement creating the trust, it did not actually exist on the date of the assignment. *Id*. Rejecting the plaintiff-mortgagor's argument, the Sixth Circuit stated:

> Livonia [the plaintiff-mortgagor] has presented no authority for the proposition that the record chain of title is destroyed by an irregularity affecting the validity of a transfer. Even if the transfer were invalidated, the public record would remain as it is, and the record chain of title would not be disturbed.

*Id*. Additionally, the court reasoned, "a litigant who is not a party to an assignment lacks

10

standing to challenge that assignment." *Id*. (citation and quotation marks omitted).

The Sixth Circuit recognized one exception to this rule which allows an obligor to "assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void," such as "nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment." *Id*. (citing 6A C.J.S. *Assignments* § 132 (2010)). However, the court went on to explain that the exception arises only to protect the obligor from having to pay the same debt twice. *Id*.; *see also Carmack v. Bank of New York Mellon*, No. 12-11669, 2012 WL 2389863, at *3 (E.D. Mich. June 25, 2012) (Steeh, J.). Plaintiff does not allege that he needs protection from having to pay the same debt twice.[1] Moreover, it appears from the pleadings that such a risk most likely does not exist because BNYM as Trustee of the Trust also holds the interest to the note.

In his Complaint, Plaintiff also challenges the foreclosure based on the securitization process that split the mortgage from the note. The Michigan Supreme Court, however, rejected the theory that separating the note from the mortgage invalidates the right to foreclose in *Residential Funding Company v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 185 (2011).

At the motion hearing, Plaintiff's counsel asserted a somewhat related argument to

---

[1] In this Court's view, Plaintiff's argument that the assignment to BNYM occurred three years after the Trust was closed and was done in violation of the trust agreement raises a challenge that only renders the assignment potentially voidable, not void. Moreover, it appears to be a claim that only can be brought by a party with an interest in the trust agreement or a party to the assignment.

challenge the foreclosure proceedings.  She contended that the assignment of the

mortgage from MERS, as nominee for Gateway, to BNYM as Trustee is "problematic"

because Gateway previously had sold the loan to Countrywide which then entered the

loan into the trust.  Counsel, however, is conflating the interest in the indebtedness

belonging to the holder of the note and the interest belonging to the mortgagee.  As the

Michigan Supreme Court recently re-stated in *Residential Funding Company v. Saurman*,

490 Mich. 909, 805 N.W.2d 183 (2011): "It has never been necessary that the mortgage

should be given directly to the beneficiaries. The security is always made in trust to

secure obligations, and the trust and the beneficial interest need not be in the same

hands." *Id*. at 910, 805 N.W.2d at 184.  In other words, the note and mortgage may be

split and held by different entities.

Gateway may have assigned its interest in the note to Citimortgage, but there is no

indication that Gateway likewise transferred the mortgage.  The Court also notes the

language of the mortgage stating that MERS was acting as nominee for Gateway *and*

Gateway's successors and assigns.  Thus the argument raised by Plaintiff's counsel at the

motion hearing also does not demonstrate fraud or irregularity with respect to the

foreclosure by advertisement proceedings.

For these reasons, the Court concludes that Plaintiff fails to state a claim upon

which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for judgment on the pleadings is

**GRANTED**.

Dated: October 22, 2012    <u>s/PATRICK J. DUGGAN</u>
          UNITED STATES DISTRICT JUDGE


Copies to:
Vanessa G. Fluker, Esq.
Christine E. Ficks, Esq.
Marla A. Skeltis, Esq.